UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO.  1:15-CR-113 |
| Plaintiff, | : | Senior Judge Sandra S. Beckwith |
| v. | : | |
| | : | |
| LISTON WATSON | : | |
| Defendant | : | |
| | : | |

This matter is before the Court on the Defendant's Motion to Withdraw Guilty Plea. (Doc. No. 51).  The Government has responded in opposition. (Doc. No. 52).  This matter is now ripe for review.

After careful consideration of the motion, responsive pleadings and other evidence of record, the Defendant's Motion to Withdraw Guilty Plea is DENIED.  A date will be set for sentencing in accordance with the Court's calendar.

A. BACKGROUND

The Grand Jury charged Mr. Watson on November 4, 2015, as part of a 10 count indictment. (Doc. No. 14).  The defendant was charged with Bank Robbery in violation of 18 USC §§ 2113(a) and (d) in Counts 1, 3, 5, 7, and 9.  Each count carries a potential of up to twenty five (25) years in

1

prison, a fine of up to $250,000.00 dollars, a term of supervision of up to five (5) years, potential restitution and forfeiture, and a $100 special assessment.

The defendant was also charged with Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence in violation of 18 USC § 924(c)(1) in Counts 2, 4 ,6, 8, and 10.  Count 2 carries a potential penalty of a mandatory minimum term of imprisonment of seven (7) years that must be served consecutively to any other count of conviction, up to life imprisonment, a term of supervised release of up to five (5) years, a fine of up to $250,000.00 dollars, forfeiture, restitution and a $100 special assessment.  By statute, Counts 4, 6, 8, and 10 each carry an additional twenty five (25) years imprisonment as second and successive convictions along with the same remaining penalties.  Therefore, the defendant was subject to up to twenty-five years on the bank robberies and a potential of additional one hundred (107) years on the firearms counts should he have been convicted on the entirety of the Indictment.

On April 25, 2016, the matter was set for a motion to suppress hearing.  A plea agreement had been offered pursuant to Fed. R. Crim. P. 11(c)1(C).  The Defendant requested a continuance to consider the plea offer.  Since this was the Defendant's third request for a continuance, the Court denied the request.  The Defendant then withdrew his motion for a continuance and motion to suppress and entered a plea of guilty to two counts of bank robbery and two counts of possession of a firearm in furtherance of those crimes of violence.  The plea agreement provided for a recommended sentence of 360 months, limited the potential sentence on the firearms charge to less than the statutory minimum, and did not require the Defendant to face additional time for the other multiple bank robberies.

However, a mistake was made in the written plea agreement.  The agreement that was signed by the Defendant advised that the maximum penalty for the robbery counts was up to 20 years, when it should have read that the maximum penalty was up to 25 years.

During the plea colloquy, however, the Defendant was informed of the correct potential plea penalties on four separate occasions.  First, when the Government was addressing the Court and describing the plea agreement, counsel stated that the robbery offenses carried a "potential penalty of up to 25 years' imprisonment, $250,000 fine, at least a 25 year term of supervised release and a $100 special assessment."  (Doc. No. 49, p. 7, lines 6-9).  Second, the Government also stated that the firearms charges "carried a mandatory minimum of 25 years . . . ." (Doc. No. 49, p. 7, lines 18-19).

Third, the Court reviewed the two mandatory penalties with the Defendant and asked him "so you're aware that there are at least two mandatory penalties involved here for Counts 2 and 6 and they are respectively five years and 25 years and they are required to be served consecutively.  You're aware of that?"  To which the Defendant responded "Yes, your Honor." (Doc. No. 49, p. 38, lines 10-14).

Fourth, Defendant's counsel also discussed the correct sentence with the Court, in the presence of the Defendant, and confirmed that these were the terms she had discussed with the Defendant.  Ms. Lockard stated "This particular agreement . . . is an agreement to a specific period of time, and that would be that Mr. Watson would ultimately serve the five years for the first firearm offense with a consecutive 25-year sentence for the second firearm offense and no time for the robbery offenses." (Doc No. 49, p. 16, lines 18-24).

There was an in-chambers conference, during which the Court and Counsel discussed the discrepancy at issue.  During that conference it was agreed that at the time of the sentencing, the

3

Court and counsel would inquire further of the Defendant that he was fully aware of the plea agreement with the correction of 25 years.  (Doc. No. 50, p. 3, lines 6-10).

### B.  LEGAL STANDARD FOR WITHDRAWAL OF GUILTY PLEA

"A defendant does not have an absolute right to withdraw a guilty plea." United States v. Ellis, 470 F.3d 275, 281 (6th Cir. 2006).  It is the Defendant's burden to establish that the motion to withdraw the plea should be granted. United States v. Valdez, 362 F.3d 903, 912 (6th Cir. 2004).

Withdrawal of a guilty plea is governed by Fed. R. Crim. P. 11(d)(2)(B), which provides:

A Defendant may withdraw a plea of guilty or nolo contendere:

(1) before the court accepts the plea, for any reason or no reason; or

(2) after the court accepts the plea, but before it imposes sentence if:

   (A) the court accepts the plea agreement under Rule 11(c)(5); or

   (B) the defendant can show a fair and just reason for requesting

   the withdrawal.

Fed. R. Crim. P. 11(d)(2)(B).

The rule is not intended to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty, but is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone." United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991).

Federal R. Crim. P. Rule 11 requires that, in order to accept a plea of guilty, the Court must ascertain that: 1) the defendant was aware of the essential elements of the offense to which he pled guilty; 2) that the defendant understood the law in relation to the facts; 3) the defendant

understood the nature of the offense and the consequences of his plea; and 4) that there was a factual basis for the plea.

Once the plea has been accepted by the court, in order to withdraw a guilty plea the burden shifts to the defendant to provide a fair and just reason for requesting the withdrawal. The court considers the following seven factors:

1) the amount of time that elapsed between the plea and the motion to withdraw it;

2) the presence or absence of a valid reason for the failure to move for a withdrawal earlier in the proceeding;

3) whether the defendant has asserted or maintained his innocence;

4) the circumstances underlying the entry of the guilty plea;

5) the defendant's nature and background;

6) the degree to which the defendant has prior criminal experience with the criminal justice system; and

7) potential prejudice to the government if the motion to withdraw is granted.

United Stated v. Bashara, 27 F.3d 1174, 1180 (6th Cir 1994); United States v. Valdez, 470 F.3d 275 (6th Cir. 2004).  These factors are non-exclusive and not one single factor is controlling.  Id.

C. ANALYSIS

The Defendant argues that his plea was not voluntary, knowing and intelligent because he claims he "was never informed of the correct statutory sentencing range for the two offenses for which he was entering pleas." (Doc. No. 51, p. 2).  Defendant claims that this is a fair and just reason for withdrawing his guilty plea because, in violation of Fed. R. Crim. P 11(b)(1), the Court failed to advise him that the statutory maximum sentence was 25 years and not 20 years because it was mistakenly written in the plea agreement.

Defendant also goes through the Bashara factors, in a rather cursory fashion, and claims that the length of time between the plea and the motion to withdraw the plea was due to his change in counsel, that he was not properly advised as to the statutory range of punishment for each offense, that his nature, background and inexperience with the criminal justice system weigh in his favor, and that a year from the initial indictment is not a long enough delay to cause prejudice to the Government.  Defendant does not claim his innocence, however, as he states only that he desires to proceed with his pretrial motions and trial, if necessary.

The Government responds that at no time was there any indication by counsel or the Defendant that he had confusion over the potential penalties for the bank robberies.  The plea transcript is clear, the Defendant was aware of the essential elements of the offenses, he knew the law in relation to the facts, understood the consequences of his actions, and admitted a factual basis for the plea.  Moreover, the Government states that, in addition to the Defendant's arguments being factually wrong and unsupported by the record, the Defendant cannot establish that any of the Bashara factors weigh in his favor.

The Court agrees with the Government's position.  As detailed earlier in this opinion, there were four separate and distinct occasions where the Defendant was correctly informed of the potential maximum penalty of 25 years. (Doc. No. 49).  The record of the change of plea hearing is abundantly clear so that for the Defendant to assert that he was never informed of the maximum penalty is simply not plausible.  Therefore, the Court finds that the Defendant's plea was knowing, voluntary and intelligent.

As for the Bashara factors, they all weigh against the Defendant.  The lapse of time between the plea and the motion to withdrawal is two months.  Defendant cites the change in counsel as the reason for the delay.  However, delays as little as twenty-two days and thirty-six days have

6

been held to be too long a delay to justify withdrawal of the plea. See United States v. Carr, 740 F.2d 339 (5th Cir. 1984); United States v. Spencer, 836 F.2d 236(6th Cir 1987).

The Defendant has not consistently maintained his innocence and does not claim innocence now, he only asserts that he wants to move forward with his pretrial motions. Moreover, he has admitted under oath that he committed the robberies and possessed the firearms.

The record is clear as to the circumstances underlying the guilty pleas and that Defendant was competent and aware of the decision he was making. The Defendant's nature, background and experience with the criminal justice system weigh against him as well. He is educated, having completed high school and some college level courses. The Defendant does have a criminal background, he has entered into a plea agreement for prior convictions, and served probation. (Doc. No. 51, p. 5). Therefore, he is not a person who is ignorant of the criminal justice system. The final factor, the potential prejudice to the Government, also weighs against the Defendant. The prejudice to the Government is inherent in the unnecessary time and expense of the waived trial.

### D. CONCLUSION

Based upon the foregoing analysis, the Court finds that the Defendant's motion to withdraw his guilty plea is unsupported by the record and is, therefore, DENIED.

SO ORDERED.

DATED: November 8, 2016    s/Sandra S. Beckwith
Sandra S. Beckwith,
Senior United States District Judge