# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:15-cr-113
                              Also 1:19-cv-341

                              District Judge Susan J. Dlott
- vs -                      Magistrate Judge Michael R. Merz

LISTON WATSON,

        Defendant.    :

## ORDER FOR EVIDENTIARY HEARING; NOTICE OF THE AVAILABILITY OF CONSENT TO MAGISTRATE JUDGE JURISDICTION

      This is an action on a Motion to Vacate a criminal conviction under 28 U.S.C. § 2255. The pleadings were complete as of September 4, 2019, but there is an outstanding Renewed Motion for Evidentiary hearing filed by Defendants (ECF No. 81). That Motion was filed June 1, 2019, and has not been opposed by the United States. Additionally, the Government's Response relies on factual averments which are not displayed on the face of the record.

      An evidentiary hearing is to be held only if there is a factual dispute and the record does not conclusively show that the petitioner is not entitled to relief. Review is for abuse of discretion. *Ross v. United States*, 339 F.3d 483 (6th Cir. 2003). If a § 2255 movant presents a factual dispute, then the court "must hold an evidentiary hearing to determine the truth of the petitioner's claims."

1

*Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013). The burden of establishing entitlement to an evidentiary hearing is relatively light. *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). However, no evidentiary hearing is necessary if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999).

> In reviewing a § 2255 motion in which a factual dispute arises, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). "[T]he burden on the petitioner in a habeas case for establishing an entitlement to an evidentiary hearing is relatively light." *Id*. More is required, however, than mere assertions of innocence. See *id*. ("[I]t would be nonsensical to conclude that the petitioner could meet that burden simply by proclaiming his innocence."). Nevertheless, "[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Arredondo [v. United States,* 178 F.3d 778, 782 (6th Cir. 1999)] (internal quotations omitted). Stated another way, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id. (internal quotations omitted).

*Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007).

Based on these standards, the Court concludes that an evidentiary hearing is required in this matter. Accordingly, Defendant's Renewed Motion for Evidentiary hearing (ECF No. 81) is GRANTED. Counsel for the parties shall consult with one another as to their availability for the hearing, which will be held at the Walter H. Rice United States Courthouse and Federal Building in Dayton. Having consulted with one another, counsel shall jointly contact Courtroom Deputy Kelly Kopf (937-512-1551) to obtain a date for the hearing. Counsel are advised that the United States marshal requires at least thirty days' notice to transport a federal prisoner and Defendant's counsel must file a petition for a writ of habeas corpus ad prosequendum.

**Notice of Availability of Consent Jurisdiction**

Counsel are hereby notified that the undersigned has been designated by the judges of this Court to hear and determine cases upon consent of the parties under 28 U.S.C. § 636(c). Consent is completely voluntary and must be unanimous. Grant or denial of consent should be communicated to Ms. Kopf and not to the Magistrate Judge himself. Ms. Kopf will, as required by statute, only advise the Magistrate Judge if both parties consent. In considering whether to consent, counsel may wish to consider that the Magistrate Judge will make a determination of the credibility of witnesses in the first instance and those determinations, when based on evaluation of live in-court testimony, traditionally receive deference from the District Judges. See *United States v. Williams*, 2019 U.S. Dist. LEXIS 169724 (S.D. Ohio Oct. 1, 2019)(Dlott, J.), citing *Blankenburg v. Warden*, 2019 U.S. Dist. LEXIS 167492 (S.D. Ohio Sep. 29, 2019)(Barrett, J.), citing *Peveler v. United States,* 269 F.3d 693, 702 (6th Cir. 2001).

October 4, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge