**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:15-cr-113
                                                                Also 1:19-cv-341

                                                                District Judge Susan J. Dlott
- vs -                                                       Magistrate Judge Michael R. Merz

LISTON WATSON,

                Defendant.      :

## ORDER

This is an action on a Motion to Vacate a criminal conviction under 28 U.S.C. § 2255, brought by Defendant with the assistance of counsel (ECF No. 78). It is before the Court on Motion of the United States for an order regarding privileged and confidential information related to claims of ineffective assistance of counsel (ECF No. 100).

**Litigation History**

Defendant filed his Motion to Vacate on May 6, 2019. A week later, after the Motion was referred, the Magistrate Judge entered an Order for Answer (ECF No. 80). Defendant had made a request for evidentiary hearing in the body of his Motion, but had not indicated what evidence he would present. The Magistrate Judge therefore ordered him to file a renewed motion for

1

evidentiary hearing not later than June 1, 2019, indicating what evidence he would present "with a specification of what witnesses he would call and what would be the substance of their testimony. To the extent Defendant wishes to testify himself, he must reduce the proposed testimony to an affidavit or declaration under 28 U.S.C. § 1746." *Id.* at PageID 374. The same Order set an answer date for the United States thirty days after the renewed motion for evidentiary hearing and a reply date for Defendant of twenty-one days later. *Id.*

At that time Defendant had not made any claims about specific conversations between himself and defense counsel, but had pleaded ineffective assistance of trial counsel. Anticipating that Defendant would allege relevant conversations, the Order provided:

> Defendant has not yet made any claims relating to conversations between himself and his trial counsel. If he does so, his claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986).

*Id.*

Defendant filed an Affidavit in support of his Motion to Vacate in which he alleged*, inter alia*, that he made repeated requests for discovery to defense counsel, but had not received the discovery material at the time of he was offered a plea (ECF No. 82, PageID 382). He also alleged he requested an extension of time to consider the plea offer and that he had intended to go forward with the motion to suppress. It is reasonable to anticipate that if he testifies on these points, he will be asked what communications he had with defense counsel about them.

On October 4, 2019, noting that the United States had not opposed Defendant's motion for an evidentiary hearing, the Magistrate Judge granted it and directed counsel to consult with the

Magistrate Judge's courtroom deputy to set a date (ECF No. 90). Initially set for January 9, 2020, the hearing has been continued until March 6, 2020, because of the inability of the United States Marshal to obtain Defendant's presence and the demands of counsels' schedules. However, counsel have been notified that Defendant is in the Marshal's custody in the District, a court reporter has been assigned for the hearing, and counsel have filed witness lists.

## Analysis

The United States witness list, filed ten days out of time, lists Watson's former counsel Zenaida Lockard and Williams Gallagher (ECF No. 101-1, PageID 456). The United States proposes to elicit testimony from each of them about communications with Watson. *Id.* Instead of relying on the implicit waiver of attorney-client communication privilege already recognized by the Court, the United states proposes that the Court enter an order that

> requires the defendant to execute a written waiver of the attorney-client privilege with respect to the claim of ineffective assistance of counsel that he has raised in his amended motion under 28 § 2255 to vacate sentence, and (2) upon the filing of the written waiver, authorizes the defendant's prior counsel to provide to the United States an affidavit or declaration that elaborates the facts related to those claims.

(Motion, ECF No. 100, PageID 448).

Government counsel advises that

> defendant's trial attorneys have declined to speak voluntarily with government counsel regarding the defendant's allegations of ineffective assistance of counsel, in light of Formal Opinion 10-456 of the American Bar Association's Standing Committee on Ethics and Professional Responsibility ("Formal Op. 10-456") (opining that, absent informed consent by the former client, a lawyer may not

> disclose confidential information relating to the former client's ineffective assistance claims outside of formal, court-supervised proceedings).

*Id.* at PageID 449.

To deal with this situation, the United States proposes the Court order Defendant to execute a formal waiver of the privilege, then "authorize the defendant's former attorneys to disclose information regarding the ineffective-assistance claim by providing to the United States an affidavit or declaration, along with any relevant documents." *Id.* at PageID 450.

The process sought by the United States parallels both formal and informal discovery practice in civil and criminal cases in federal court. It is only prudent for a litigator to attempt to find out what testimony identified witnesses have to give before learning of it in the midst of a hearing, thereby avoiding the dreaded "trial by ambush."

The difficulty with the proposed process is that it is invoked far too late. The hearing in this case is set for March 6, 2020, less than two weeks after the Government requested this process. The Government's own proposal is that the Court give Defendant fifteen days to sign and return the waiver and the Defendant's former trial attorneys an additional fifteen days to provide the discovery. *Id.* at PageID 453. The United States would then have an additional sixty days to respond to the 2255 Motion. *Id.*

The Court agrees that the United States will need the testimony of Zenaida Lockard and Williams Gallagher at the hearing and has already held that Defendant has impliedly waived attorney-client communication privilege as to these two attorneys by claiming they provided constitutionally ineffective assistance of trial counsel. To obtain that testimony, the United States shall forthwith subpoena Ms. Lockard and Mr. Gallagher to appear at the March 6, 2020, hearing and to produce such documents as are relevant to Defendant's claim of ineffective assistance of

trial counsel. The United States shall file with the Clerk a return of the service of those subpoenas as soon as it is made.

This way of proceeding obviates the need to decide the application of American Bar Association Formal Opinion 10-456 to any pre-hearing disclosure by Attorneys Lockard and Gallagher.

The Motion is DENIED.


February 25, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
