**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 1:15-cr-113
              Also 1:19-cv-341

              District Judge Susan J. Dlott
  - vs -          Magistrate Judge Michael R. Merz

LISTON WATSON,

      Defendant.  :

# ORDER STRIKING *PRO SE* MOTION

   This case came on for evidentiary hearing on March 6, 2020, on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. On March 17, 2020, the Magistrate Judge received Defendant's Motion to Amend Evidentiary Hearing and Request Stay which has now been docketed by the Clerk (ECF No. 106). The stated purpose of the Motion is to "supplement" the evidentiary hearing with a stipulation and agreement which the Government allegedly offered prior to the hearing.

   The Magistrate Judge is unaware of any such proposed stipulation and agreement. If such a document ever existed, it has not been shared with the Magistrate Judge nor its existence ever mentioned to him. Defendant also refers to evidence which he claims was supposed to be presented at the March 6th hearing, but was not. However, the only witness ever listed by

Defendant as intended to be presented was Defendant himself, whose presence for the hearing was obtained by writ of habeas corpus ad testificandum and who did in fact testify.

In any event, Defendant is represented by counsel in this case, Messrs. Bryan Perkins ansd Michael Allen, and may not file motions or other matter *pro se*. There is no constitutional right to hybrid representation, with a defendant representing himself and also having counsel. *McKaskle v. Wiggins*, 465 U.S. 168 (1984). A party represented by counsel may not file papers pro se. 28 U.S.C. § 1654 provides that "parties may plead and conduct their own cases personally or by counsel." The disjunctive "or" in the statute means that a litigant must choose between proceeding *pro se* and proceeding with the assistance of counsel. *United States v. Jimenez-Zalapa*, 2007 WL 2815563 (W.D. Tenn. 2007)(Breen, J.); see also *United States v. Mosely,* 910 F.2d 93, 97-98 (6th Cir. 1987); *United States v. Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006).

Because Watson did not have authority to file the instant motion *pro se*, it is hereby STRICKEN. A re-filed motion seeking the same relief must be filed by counsel until and unless Watson discharges them and advises the Court that he is proceeding *pro se*.

March 18, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge