# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 1:15-cr-113
                                          Also 1:19-cv-341

                                          District Judge Susan J. Dlott
- vs -                                   Magistrate Judge Michael R. Merz

LISTON WATSON,

                Defendant.     :

## DECISION AND ORDER

This criminal case is before the Court on Defendant's Objections (ECF No. 117) to the Magistrate Judge's Report and Recommendations recommending that the Defendant's Motion to Vacate be denied (the "Report," ECF No. 115) which was supplemented with additional authority the day after it was filed (ECF No. 116). Under Fed.R.Civ.P. 72(b), the United States had until June 3, 2020, to respond to Defendant's Objections, but has not done so. With the consent of the United States, Defendant also filed Supplemental Objections (ECF No. 124) which are also considered in this Decision.

Under Fed.R.Civ.P. 72(b) a District Judge is to review *de novo* those portions of a Magistrate Judge's report and recommendations to which specific objection is made. The Court has done so and rules on the objections in this Order.

1

Petitioner's Motion to Vacate, filed with the assistance of retained counsel, raised seven grounds for relief

> **Ground One:** Petitioner did not enter his plea voluntarily and did not make his constitutional waivers knowingly and intelligently; as such his plea and sentence are void.
>
> **Supporting Facts:** Petitioner did not make a fully informed and intelligent waiver of his constitutional rights when he entered a guilty plea. He did not have the all necessary information before him at the time he entered his guilty plea. He had been misinformed on the maximum possible sentence he was facing. He was under duress when faced with the government threatening to withdraw his plea offer once the court made a decision on his pending motion to suppress. Petitioner was denied a continuance so he could have more time to consider the government's plea, but that was denied and he was forced to make a snap decision regarding accepting the proposed plea agreement. Petitioner attempted to withdraw his guilty plea but was denied. (See attached Memorandum in Support).
>
> **Ground Two:** The trial court violated the plea agreement between Petitioner and the Government without permitting Petitioner to withdraw his guilty plea.
>
> **Supporting Facts:** Petitioner entered into a plea agreement with the government pursuant to Fed. R. Crim. Pro. 11 (c)(1)(C). The district court violated the terms of this agreement when it sentenced him to 1-day on Counts 1 and 5, when according to the terms of the plea agreement, Petitioner was not supposed to receive any sentence on these counts. Because the district court deviated from the terms of the plea agreement, it should have permitted Petitioner to withdraw his guilty plea. (See Memorandum in Support)
>
> **Ground Three:** The trial court erred by not permitting Petitioner to withdraw his guilty plea prior to his sentencing when Petitioner set forth good cause for withdrawing his guilty plea.
>
> **Supporting Facts:** Petitioner should have been permitted to withdraw his guilty plea. He was under duress when he entered his guilty plea, he did not have effective assistance of counsel, he did

2

not have all the necessary information regarding his case, he was misinformed about the maximum possible penalties in the charges he pled guilty to, he wanted to pursue his motion to suppress, and the district court deviated from the terms of the plea agreement. (See Memorandum in Support)

**Ground Four:** A sentence in excess of the maximum sentence authorized by law is unlawful, violates due process, and is subject to collateral attack.

**Supporting Facts:** Because Petitioner entered into a plea agreement pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), the terms of that agreement set forth the maximum possible sentence. In order to deviate from the terms of that agreement, the district court was required to give Petitioner the opportunity to withdraw his guilty plea prior to sentencing in violation of the agreed terms. In this case, the district court denied Petitioner's request to withdraw his plea, and then sentenced him in excess of the agreed upon terms. (See Memorandum in Support)

**Ground Five:** The court had no jurisdiction or other legal authority to impose a sentence on Counts 1 and 5, rendering the sentences void.

**Ground Six:** Petitioner was denied effective assistance of counsel at the plea hearing, sentencing hearing, and during his direct appeal, in violation of the Sixth Amendment.

**Ground Seven:** Petitioner's guilty plea and sentence must be vacated due to structural error.

(ECF No. 78 and 78-1.) Shortly after filing, Watson filed an eighth claim that his conviction under 18 U.S.C. § 924(c) is unconstitutional on the basis of *United States v. Davis*, 139 S. Ct. 2319 (2019), which holds that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence is unconstitutionally vague.

On Defendant's motion, the Magistrate Judge held an evidentiary hearing on the Motion to Vacate on March 6, 2020, which has been transcribed (ECF No. 110). Because the Motion contains

3

claims of ineffective assistance of trial counsel, the Magistrate Judge arranged for Defendant's trial counsel, Zenaida Lockard and William Gallagher, to be subpoenaed and noted Defendant's waiver of attorney-client communication privilege at to these witnesses (ECF No. 103). However only the Defendant himself testified at the hearing.

Several times since the hearing, Defendant has filed *pro se* attempts to accept after the fact a government offer to settle this matter, made before the hearing but not accepted as of the date of the hearing (ECF Nos. 106, 108, 118). The Magistrate Judge properly struck these filings because they had not been endorsed by Defendant's counsel (ECF No. 107, 109, 119).

**Ground One: Involuntary Guilty Plea**

In his First Ground for Relief, Watson contended that his guilty plea was involuntary because he was misadvised about the possible maximum sentences and he was not given a requested continuance to consider whether to accept the offered bargain. The Report offered no analysis of this Ground because Watson had made it clear at the evidentiary hearing that he no longer wanted to withdraw his guilty plea (Report, ECF No. 115, PageID 634).

In his Objections, Watson does not quarrel with the Report's finding that he does not wish to withdraw his guilty plea, but asserts that "does not mean that he has abandoned his claims associated with his involuntary guilty plea or that the facts surrounding his guilty plea are irrelevant to his other grounds of relief. Regardless of his preference for the final resolution, his convictions must be vacated." (Objections, ECF No. 117, 656).

The Report found that the guilty plea proceedings were indeed relevant to other claims, albeit with different significance from what Watson attributes to them. Because Watson does not

4

object to the Report's finding that he does not wish to withdraw his guilty plea, there are no objections to resolve as to the First Ground for Relief.

**Ground Two: Breach of the Plea Agreement**

In his Second Ground for Relief, Watson argues Judge Beckwith violated the plea agreement by imposing a sentence of 360 months on the firearms counts plus one day with credit for time served on the bank robbery counts. The Report notes that neither counsel nor Watson raised any objection at the time sentenced was pronounced nor did Watson make any post-judgment motion to correct the sentence (Report, ECF No. 115, PageID 636). On appeal, the Sixth Circuit reviewed this claim only for plain error because there was no contemporaneous objection. *United States v. Watson*, (Slip Op., ECF No. 74, PageID 320-21). The circuit court noted defense counsel neither objected to the extra day nor asked to withdraw Watson's plea on the basis of the sentence imposed. *Id.*

The Report found Ground Two was procedurally defaulted because no contemporaneous objection was made to the sentence (ECF No. 115, PageID 637). Watson concedes the default but asserts he has shown cause to excuse the default in that it was ineffective assistance of trial counsel to fail to object to the extra day. Watson's argument about ineffective assistance comprises almost half of the length of his Objections (PageID 657-64). But this is all argument made for the first time in objections to a dispositive Report. Watson's asserted instances of deficient performance are all legal arguments, but he nowhere suggests why he did not make these arguments to the Sixth Circuit which first found the default when all the deficiencies in performance were patent on the face of the appellate record.

While Watson pleaded ineffective assistance of trial counsel at sentencing as part of his Sixth Ground for Relief, he presented no evidence on this claim at the hearing, either from the Defendant himself or from Attorney Gallagher, whose subpoena for the hearing the Magistrate Judge had approved. Watson's argument on this part of the Sixth Ground for relief in his Post-Hearing Memorandum comprises one paragraph which does not mention excusing cause, as compared to the eight pages in the Objections (ECF No. 111, PageID 610).

As the Report notes, Judge Beckwith imposed exactly the sentence that the Probation Department recommended and both Watson and Gallagher said they had no objections to the PSI. The Report concluded that they made no objection because they had no objection: it was exactly the sentence they expected. If that is not true, Defendant could have elicited testimony either from himself or from Mr. Gallagher to that effect. He did neither. His attempt to raise excusing cause and prejudice in Objections is too late.

**Ground Three: Failure to Allow Withdrawal of Plea Prior to Sentencing**

In his Third Ground for Relief, Watson claims Judge Beckwith erred by not allowing him to withdraw his guilty plea prior to sentencing. The Report found this issue had been decided by the Sixth Circuit on direct appeal whose decision this Court is without authority to reverse (ECF No. 111, PageID 639). The Objections concede this is correct, but argue that Watson has shown the reason for the wrong decision by the Sixth Circuit is that the manner of its presentation constituted ineffective assistance of appellate counsel as argued in Ground Six (ECF No. 117, PageID 664). Ground Four will be dismissed; merit consideration is barred by the law of the case. For reasons discussed below under Ground Six, Watson has not shown ineffective assistance of appellate counsel to excuse omission of this ground for relief on direct appeal.

6

**Grounds Four and Five: Sentence in Excess of Lawful Maximum and Imposed Without Authority**

The Report concluded these Grounds for Relief were merely ways of restating Ground Two and were procedurally defaulted on the same basis (ECF No. 115, PageID 640). In his Objections Watson incorporates his cause and prejudice argument from Ground Two (ECF No. 117, PageID 666). No further analysis is needed here.

**Ground Six: Ineffective Assistance of Counsel**

In his Sixth Ground for Relief, Watson claims he received ineffective assistance of trial counsel at the plea hearing and at sentencing and ineffective assistance of appellate counsel in the Sixth Circuit. The Report notes that Assistant Federal Defender Zanaida Lockard represented Watson at the plea, Mr. Gallahger at sentencing, and Attorney Carole Margaret Stanyar of Ann Arbor, Michigan, on appeal.[1]

As to Ms. Lockard, Watson claimed she did not adequately prepare for the suppression hearing and did not give him a copy of the ballistics report provided to her in discovery (Post-Hearing Memorandum, ECF No. 111, PageID 609). The Report found that Watson had not shown what evidence could have been produced at the suppression hearing that Lockard omitted (ECF No. 115, PageID 643). The Magistrate Judge also noted Watson conceded at the March 6 hearing that the ballistics report was irrelevant to the suppression motion. *Id.*

Even though Watson made this concession himself at the hearing, his counsel now attempts to withdraw that concession:

---

[1] Ms. Stanyar was appointed by the circuit court after Mr. Gallagher was permitted to withdraw.

7

> The Report and Recommendation finds that the ballistics report was not relevant to the motion to suppress and that was only an issue for trial. (R&R, ECF No. 115, PageID 643) Watson disagrees. The motion to suppress was inextricably connected to the plea offer, because the plea offer was set to expire at the time of the hearing on the motion to suppress. And Watson's decision to accept the plea offer was tied to the strength of the evidence that would be presented against him at trial—so the ballistics report was important to Watson in his decision-making process on both the motion to suppress and plea hearing.

(Objections, ECF No. 117, PageID 665). Watson was present and testified to none of this at the March 6 hearing. His counsel cannot now provide that testimony of what grounded Watson's decision.

As to Mr. Gallagher, the Report concluded he did not perform deficiently at sentencing because the sentence imposed was the one recommended by the Probation Officer to which neither he nor Watson had any objection[2] (ECF No. 115, PageID 645). In his Objections, Watson incorporates his argument on cause and prejudice from Ground Two, which does not require further analysis.

As to Ms. Stanyar, the Report noted that Watson had made no showing that the issue he wanted her to raise was stronger than the issue she did raise (refusal to allow withdrawal of the plea pre-sentence)(ECF No. 115, PageID 647-48.) Watson objects that the Sixth Circuit's opinion shows counsel's deficiency by noting the lack of argument on the fourth element of the plain error test, to wit, that "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Watson concludes that he "is confident that had the Sixth Circuit reached the merits of his argument it would have concluded that the breach of the plea agreement (with its concomitant

---

[2] Defense did have other objections to the PSI which had all been resolved in Watson's favor before the PSI was finalized.

8

additional sentence, unlawful sentence, and additional convictions) all seriously affected the fairness, integrity, or public reputation of judicial proceedings." The Court does not share that confidence. Watson received a *pro forma* one day/time served sentence for two armed bank robberies, offenses which were not probationable, a sentence recommended by the Probation Officer and not objected to by Watson or his counsel. Watson cites no comparable case in which the Sixth Circuit has found damage to the public reputation of judicial proceedings. Of course the Court agrees that a sentence of twenty years and one day where Congress has set the maximum penalty at twenty years would not be a *de minimis* error. But that is not what happened here.

**Ground Seven: Structural Error**

Watson claimed in his Motion to Vacate that the sentencing error in this case was a structural error. The Report noted this argument was made in conclusory fashion, and part of it – the demand to withdraw the guilty plea – had been withdrawn (ECF No. 111, PageID 648). Noting the instances in which the Supreme Court had found structural error, the Report concluded that they did not encompass anything like the error claimed here. *Id.* at PageID 648-49.

In his Objections, Watson cites *United States v. Davila* 569 U.S. 597, 611 (2013), for the proposition that structural error occurred here. However, in *Davila* the Supreme Court unanimously held a magistrate judge's participation in plea negotiations did **not** constitute structural error. *Davila* does not support Watson's argument.

In essence Watson's argument on this ground is that there was cumulative error – he recites the many ways in which he believes the process was flawed. But cumulative error is not the same as structural error and relief under § 2255 is not available on a claim of cumulative error. "[P]ost-AEDPA, not even constitutional errors that would not individually support habeas relief can be

9

cumulated to support habeas relief." *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), quoting *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010) (quoting *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)).

**Ground Eight: The Unconstitutionality of 18 U.S.C. § 924(c)(3)(B)**

In his eighth claim, added by amendment, Watson asserts his convictions under 18 U.S.C. § 924(c) are unconstitutional as a result of *United States v. Davis*, 139 S. Ct. 2319 (2019), which holds 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence is unconstitutionally vague.

The statute declared unconstitutional in *Davis* is the so-called "residual" clause of § 924(c)(3)(B) as contrasted with the "elements" clause in § 924(c)(3)(A). The "elements" clause provides "crime of violence" means an offense that is a felony and— (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another. The Report concluded that Watson was properly convicted and sentenced under § 924(c) because he pleaded guilty to two counts of armed bank robbery in violation 18 U.S.C. § 2113(a) and (d):

> Thus the bank robbery counts to which Watson pleaded guilty charge him with using force, violence, and intimidation (to wit by using a firearm) to rob a qualifying bank. Thus these two counts charge Watson with committing an offense which is a crime of violence under the "elements" clause, not the "residual" clause.

(ECF No. 115, PageID 651.

Watson objects that he only pleaded guilty to using a firearm to **intimidate** bank employees and such a threat does not satisfy the requirement of actual use of physical force adopted by the Supreme Court in *Johnson v. United States*, 559 U.S. 133, 141 (2010).

In *Johnson* the Court held that in deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted used of '*violent* force – that is, force capable of causing physical pain or injury to another person." *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016), citing *Johnson*, 559 U.S. 133 at 140 (2010). That element may be satisfied by showing actual physical contact. *Rafidi*, citing *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995). In the absence of physical contact, the forcible element can be established by proving a threat or display of physical aggression "sufficient to inspire fear of pain, bodily harm, or death. *Rafidi*. This satisfies the requirement of threatened use of physical force from the earlier 2010 *Johnson* decision. *Rafidi*, quoting *United States v. Chambers*, 195 F.3d 274, 277 (6th Cir. 1999). Watson argues intimidation with the use of a firearm is insufficient to satisfy the elements clause, but the precedent is to the contrary. Bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). "[T]he holding in *Davis* has no effect on Wilkerson's convictions or sentence because § 2113(a) qualifies as a crime of violence under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A). See *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018), cert. denied, 139 S. Ct. 70, 202 L. Ed. 2d 47 (2018); see also *United States v. McBride,* 826 F.3d 293, 296 (6th Cir. 2016) (analyzing the use-of-force clause of USSG § 4B1.2(a)(1))." *In re Wilkerson*, 2020 U.S.App. LEXIS 14511 *2-3(6th Cir. May 6, 2020).

Watson also objects that to assume he was convicted under the elements clause denies him due process of law because he was not given notice of statute under which he was being charged. To the contrary, the Indictment charged Watson with violating 18 U.S.C. § 924(c) by committing a violent crime, to wit a bank robbery with a 9 mm handgun (Indictment, ECF No. 14, Counts 2

11

and 6). Watson made no objection prior to pleading guilty that the Indictment was not specific enough and thus has forfeited that claim. See Fed.R.Crim.P. 12(b)(3)(B).

In his Supplemental Objections, Watson notes that the Sixth Circuit recently held *Davis* is to be applied retroactively to cases on collateral review (ECF No. 124, PageID 701, citing *In re Franklin*, 950 F.3d 909 (6th Cir. 2020). This is a correct reading of *Franklin*, but the Report's rejection of the applicability of *Davis* to this case was in no way based an understanding that *Davis* was not to be applied retroactively.

Watson goes further to assert that *Franklin* supports his claim substantively in that it found that arson in violation of 18 U.S.C. § 844(i) was not a crime that included an element of violence "against the person or property of another" as required by 18 U.S.C. § 924(c)(3)(A) because arson could be committed against the arsonist's own property[3]. But bank robbery in violation of 18 U.S.C. § 2113(a) and (d) cannot be committed against one's own person or property. *Franklin* on this point is inapposite.

Watson also argues about using the "categorical" approach to decide whether an underlying crime is a crime of violence (Supplemental Objections, ECF No. 124, PageID 703, citing *Descamps v. United States*, 570 U.S. 254, 257 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990).) But the "categorical" approach relates to classifying underlying crimes to determine if they satisfy the residual clause, 18 U.S.C. § 924(c)(3)(B). The categorical approach has no application to classification of offenses under the elements clause.

---

[3] Hardly a fanciful supposition since arson against a piece of property to which one holds title is often an element of insurance fraud.

## Conclusion

Having considered *de novo* all of Defendant's Objections to the Report, they are hereby OVERRULED and the Report is ADOPTED. The Clerk shall enter a separate judgment under Fed.R.Civ.P. 58 dismissing the Motion to Vacate with Prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability. *Moody v. United States*, ___ F.3d ___, 2020 U.S. App. LEXIS 14463 (6th Cir. May 6, 2020). The Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

IT IS SO ORDERED.

June **10**, 2020.

Susan J. Dlott
United States District Judge