# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:15-cr-113
                                       Also 1:19-cv-341

                                       District Judge Susan J. Dlott
   -  vs  -                          Magistrate Judge Michael R. Merz

LISTON WATSON,

                Defendant.    :

## REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

    This action on a Motion to Vacate 28 U.S.C. § 2255 is before the Court on Defendant's *pro se* Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e)(ECF No. 133).

    Judgment was entered in this case on June 10, 2020 (ECF No. 126). Watson has certified that he deposited the Motion with prison authorities on July 6, 2020. *Id.* at PageID 767. The Motion is accordingly timely filed.

    As a post-judgment matter, the motion is deemed referred to the Magistrate Judge for report and recommendations under 28 U.S.C. § 636(b)(3).

    For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

1

prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on an Fed.R.Civ.P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker,* 554 U. S. 471, 485-486, n. 5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (quoting prior edition)." *Bannister v. Davis*, 140 S. Ct. 1698, 1703, 207 L.Ed. 2d 58 (2020).

In his Motion to Amend, Watson argues the Court made manifest errors of law in three different ways which are discussed seriatim below.

**First Asserted Error:  Finding Bank Robbery is a Crime of Violence**

In his first asserted error of law, Watson claims the Court erred in finding bank robbery under 18 U.S.C. § 2113 is a crime of violence under 18 U.S.C. § 924(c)(3)(A)(Motion, ECF No. 133, PageID 750-59).

Watson was indicted on five counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), each with an associated count of using, carrying, and brandishing a firearm in violation of 18 U.S.C. § 924(c)(Indictment, ECF No. 14).  Pursuant to written plea agreement, he pleaded guilty to two counts of armed bank robbery and the two associated counts on firearm use (Plea Agreement, ECF No. 31).

> Count One of the Indictment, to which Watson pleaded, charges:
>
>> On or about December 11, 2012, in the Southern District of Ohio, the defendant LISTON WATSON, by force, violence and intimidation did take from the person and presence of another money in the amount of approximately $3,500.00 belonging to and in the care, custody, control management, and possession of the Fifth Third Bank, located at 3656 Springdale Road, Cincinnati, Ohio, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, the defendant LISTON WATSON did assault and put in jeopardy the life of another person by the use of a dangerous weapon, that is a firearm. All in violation of 18 U.S.C. § 2113(a) and (d).

Count Five, to which Watson also pleaded, is identical except for alleging a different date. Thus the bank robbery counts to which Watson pleaded guilty charge him with using force, violence, and intimidation (to wit by using a firearm) to rob a qualifying bank.  On his own analysis, the undersigned

3

concluded these two counts on their face qualified as crimes of violence under 18 U.S.C. § 924(c)(3)(A), the elements clause (Report, ECF No. 115, 651). The day before the Report was filed, the Sixth Circuit reached exactly the same conclusion:

> [T]he holding in *Davis* has no effect on Wilkerson's convictions or sentence because § 2113(a) qualifies as a crime of violence under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A). See *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 70, 202 L. Ed. 2d 47 (2018); see also *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (analyzing the use-of-force clause of USSG § 4B1.2(a)(1)).

*In re Wilkerson*, 2020 U.S. App. LEXIS at *2-3.

In the same opinion, the circuit court disposes of Watson's argument that, because he admitted only "intimidation," he did not actually plead to a crime of violence:

> Wilkerson argues that because he was charged with not only using force and coercion but also intimidation, an alternative element under § 2113(a), his offense did not necessarily involve the use or threatened use of force. However, although the indictment includes the term intimidation, it does so in the conjunctive, and the indictment did not permit conviction based on intimidation as an alternative to force and violence.

*Id.* at *3. The Court expressly relied on *Wilkerson* in deciding Watson's Motion to Vacate. (Decision and Order, ECF No. 125, PageID 716). *Wilkerson* is precisely in point, but Watson does not mention it in his Motion, much less attempt to distinguish it.

Instead, Watson relies heavily on *Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (2016), to the point of attaching a copy of the slip opinion to his Motion (ECF No. 133, PageID 769, et seq.) *Mathis* is not in point, however, because it discusses the term "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides:

4

> (e)
> (1)
> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

That statute refers to previous convictions for a "violent felony" and defines that term:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i)
> has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)
> is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

Obviously § 924(e) has parallels with § 924(c), but they are different statues enacted at different times and the courts have interpreted them separately. The jurisprudence about the "categorical" or "modified categorical" approaches to classifying prior offenses on which Watson relies relates to the enumerated generic offenses in § 924(e)(2)(B)(ii). See *Mathis, supra*; and *Descamps v. United States*, 570 U.S. 254 (2013).  § 924(e)(2)(B)(ii) itself includes a residual clause ("otherwise involves conduct that presents a serious potential risk of physical injury to another") which was declared unconstitutional in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

5

As the Sixth Circuit has recently reminded us, statutory language must be interpreted according to the context in which it appears. "Context is key to meaning." *United States v. Hill*, ___ F.3d ___, 2020 U.S. App. LEXIS 19817 (6th Cir. Jun. 25, 2020)(Murphy, J.) In interpreting the ACCA, federal courts have to deal with hundreds of different state crimes and need reliable standards for classifying them as "violent felonies" or not. Conversely, in applying § 924(c), the courts only have to determine if the predicate "crime of violence" is a federal crime ("a crime for which the person may be prosecuted in a court of the United States") that "has as an element the use, attempted use, or threatened us of physical force against the person or property of another." 18 U.S.C. § 2113 (a) and (d) fits squarely within § 924(c)(3)(A) because it has as an element "assault[ing] or put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device."

In sum, the Court committed no error of law in concluding that Watson is not entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (June 2019). *Mathis, supra*, is not to the contrary; Watson was not sentenced under the ACCA.

**Second Asserted Error: Presuming that the Sentence of 360 Months Plus One Day was An Agreed Sentence**

In his second asserted error, Watson claims the Court erred in presuming that his sentence of 360 months plus one day was an agreed sentence (Motion, ECF No. 133, PageID 759-64.) This is a misstatement of what the Court actually did. The Court found that the sentence that was agreed on in the Plea Agreement was 360 months imprisonment, the mandatory minimum, for the firearms counts under § 924(c) and no time for the bank robberies. After the probation officer pointed out that the bank robberies were not probationable and recommended a sentence of 360 months on the

firearms charges and one day with credit for time served on the bank robberies, Watson and his counsel made no objection to the PSI and indeed said they accepted it (Report, ECF No. 115, PageID 644, citing Sentencing Tr., ECF No. 71, PageID 283-84.)  Judge Beckwith then imposed that sentence and again neither Watson nor his counsel objected.  As noted in the Report on the merits of the Motion to Vacate, the undersigned authorized a subpoena for Attorney William Gallagher, Watson's counsel at the time of sentencing, who could have been asked if there were objections that somehow did not appear on the face of the record, but Gallagher was not called to the stand.

Under this Second Asserted Error, Watson also claims the Court should have found the actually-imposed sentence to be unreasonable because Judge Beckwith "provided virtually no explanation into the reasons for the specific sentence given." (Motion, ECF No. 133, PageID 761, quoting *United States v. Penson*, 526 F. 3d 331, 338 (6th Cir. 2008)).  However, Watson raised no such claim for relief in his § 2255 Motion.  As noted above, a Rule 59(e) motion is not the proper place to raise an argument, much less a new claim, that should have been raised before judgment. *Bannister, supra*. *Penson* was on direct appeal, not a § 2255 collateral attack, and makes no suggestion that the § 2255 court should raise claims that have not been pleaded.

The Court's finding that neither Watson nor Mr. Gallagher objected to the sentence as imposed is fully supported by the record and Watson's Second Asserted Error is without merit.

**Third Asserted Error:  Finding Defendant Had Abandoned his Claim to Withdraw his Guilty Plea**

In his Third Asserted Error, Watson claims the Court mistakenly found he had abandoned his claim to withdraw his guilty plea (Motion, ECF No. 133, PageID 763-65).  As proof that this

is not so, he refers to his filings **before** the evidentiary hearing, particularly the Affidavit filed in June 2019 which states: "10. It is my desire to set-aside and vacate my guilty plea because I did not enter into it knowingly, intelligently, and voluntarily, and further I was not sentenced in accordance with the agreement I made with the Government." (ECF No. 82).  This Affidavit was filed in response to the Magistrate Judge's Order which provided:

> In his § 2255 Motion, Defendant has requested an evidentiary hearing on the Motion, but has not suggested what evidence he would present at such a hearing. Defendant is therefore ordered to renew his request for evidentiary hearing not later than June 1, 2019, with a specification of what witnesses he would call and what would be the substance of their testimony. To the extent Defendant wishes to testify himself, he must reduce the proposed testimony to an affidavit or declaration under 28 U.S.C. § 1746.

(ECF No. 80, PageID 374).  At the evidentiary hearing, Watson was asked by his attorney if he wanted to withdraw his guilty plea and he answered "No." (Transcript, ECF No. 110, PageID 524). The undersigned did not misinterpret what Watson said; his counsel repeated the same thing in writing:  "As Watson made clear at his evidentiary hearing; he is not asking this Court to withdraw his guilty plea." (Post-Hearing Memorandum, ECF No. 111, PageID 601).

It is certainly true that Watson had tried hard to withdraw his plea before he appealed and then raised Judge Beckwith's refusal to allow withdrawal as a major issue on appeal.  But at the time the § 2255 Motion was tried, Watson stated unequivocally that he was not now seeking to withdraw his guilty plea.  The Court committed no error in concluding he had abandoned that claim.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Defendant's Motion to Amend the Judgment be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 9, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.