## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
|  | Plaintiff, | : | Case No. 1:15-cr-113 |
|  |  |  | Also 1:19-cv-341 |

District Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

-  vs  -

LISTON WATSON,

Defendant.          :

## DECISION AND ORDER

This criminal case is before the Court on Defendant's Objections (ECF No. 135) to the Magistrate Judge's Report and Recommendations recommending that the Defendant's Motion to Amend the Judgment be denied (the "Report," ECF No. 134).

Under Fed.R.Civ.P. 72(b) a District Judge is to review *de novo* those portions of a Magistrate Judge's report and recommendations to which specific objection is made. The Court has done so and rules on the objections in this Order.

The Report states the correct standard for deciding a motion to amend a judgment under Fed.R.Civ.P. 59(e): "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)); *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834

1

(6th Cir. 1999).  In particular a motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Defendant does not dispute that this is the correct standard.

The Motion asserted the Court had committed manifest errors of law in its judgment in three ways.

First of all, Watson claimed the Court erred in finding bank robbery in violation of 18 U.S.C. § 2113 was a crime of violence (Motion, ECF No. 133, PageID 750-59).  The Report found this claim was precluded by *In re Wilkerson*, 2020 U.S. App. LEXIS 14511 at *2-3 (6th Cir. May 6, 2020). Watson failed to discuss *Wilkerson* either in his Objections to the Magistrate Judge's Report and Recommendations on the merits of the case or now in his Objections to the Report.  The Court finds *Wilkerson* dispositive.

Watson's second asserted error of law was that the Court had presumed the sentence of thirty years plus one day was an agreed sentence.  (Motion, ECF No. 133, PageID 759-64.)  As the Report notes, the Court did not make this presumption.  Instead, it noted that both Watson and his counsel accepted the Presentence Investigation Report, which recommended the sentence Judge Beckwith imposed, and then made no objection after she imposed it (Report, ECF No. 134, PageID 793-94).  In his Objections, Watson merely reargues his claim that he is entitled to have his Plea Agreement specifically enforced according to its terms.  The Court finds this issue has been thoroughly and correctly dealt with in the final judgment.

In his Rule 59(e) Motion, Watson claims the sentence Judge Beckwith actually imposed is procedurally unreasonable (Motion, ECF No. 133, PageID 761, quoting *United States v. Penson*, 526 F. 3d 331, 338 (6th Cir. 2008)).  The Magistrate Judge rejected this claim because it had not been made in the § 2255 Motion (Report, ECF No. 124, PageID 794).  Watson objects that he did raise this claim in his § 2255 Motion, citing ECF No. 78-1, PageID 352-54.)  Careful examination of those pages of the Motion reveals no claim that the imposed sentence was procedurally unreasonable.

2

Watson's third claim was that the Court committed error in finding he had abandoned his claim to withdraw his guilty plea (Motion, ECF No. 133, PageID 763-65). The Magistrate Judge wrote

> At the evidentiary hearing, Watson was asked by his attorney if he wanted to withdraw his guilty plea and he answered "No." (Transcript, ECF No. 110, PageID 524). The undersigned did not misinterpret what Watson said; his counsel repeated the same thing in writing: "As Watson made clear at his evidentiary hearing; he is not asking this Court to withdraw his guilty plea." (Post-Hearing Memorandum, ECF No. 111, PageID 601).

(Report, ECF No. 134, PageID 795.) The Objections make no response whatsoever. The Court accordingly finds it committed no error in concluding Watson had abandoned his claim to be allowed to withdraw his guilty plea.

Finally, Watson claims the Court should vacate his conviction on the basis of newly-discovered evidence. He claims that his post-conviction counsel, Bryan Perkins, had told him at or before the time of the evidentiary hearing (March 6, 2020) that the Court refused to approve subpoenas for his trial attorneys, Zenaida Lockard and William Gallagher (Objections, ECF No. 135, PageID 805). However, he claims that he "recently" (date unspecified) learned that the Court had approved issuance of subpoenas for these witnesses, although they were not called to testify. *Id.* He claims this was ineffective assistance by Mr. Perkins which entitles him to relief under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013).

Ms. Lockard and Mr. Gallagher were listed as witnesses **by the United States,** not by Watson (ECF No. 101-1, PageID 456). Because it proposed to ask these attorneys about conversations with Watson covered by the attorney-client communication privilege, the United States asked the Court to enter an order requiring Watson to formally waive the privilege (ECF No. 100). Because this would have required postponing the hearing by at least sixty days and Defendant had already been transported by the United States Marshal to the Butler County Jail,

3

the Magistrate Judge instead found the privilege had been waived and ordered that the United States subpoena Ms. Lockard and Mr. Gallagher, who had indicated they would not voluntarily speak with Government counsel (ECF No. 103).

Watson claims in his Objections that the Court decided testimony from these attorneys was necessary (ECF No. 135, PageID 807). What the Court actually decided, on the U.S. Attorney's representation, was that they were necessary to the Government's case, to be able to rebut if necessary any testimony Defendant gave about what they told him. Defendant listed only himself as a witness for the hearing (ECF No. 99). Watson gives no clue about how he was going to prove Ms. Lockard and Mr. Gallagher were ineffective out of their own mouths.

Watson argues he received ineffective assistance from Mr. Perkins in this § 2255 proceeding and relies on *Martinez* and *Trevino*, *supra*. Those two cases did not extend the Sixth Amendment right to effective assistance of counsel to post-conviction proceedings. The Sixth Amendment guarantee extends only as far as direct appeal of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). What *Martinez* and *Trevino* held was that ineffective assistance in post-conviction could excuse a procedural default in presenting an ineffective assistance of trial counsel claim usually on direct appeal. Although Watson claimed ineffective assistance of trial and appellate counsel in his Sixth Ground for Relief, the Court did not dismiss that claim on any procedural default analysis.

More fundamentally, this "newly-discovered" evidence claim is very untimely: Watson did not raise it in his Rule 59(e) Motion, but attempts to raise it now in Objections to the Report. Considering an entirely new claim, raised for the first time in objections, is completely outside the scope of matters to be considered in such motions. It is an entirely new claim which can be raised, if at all, in a second 2255 motion, and then only with the permission of the Sixth Circuit.

4

**Conclusion**

Watson's Objections are without merit and are OVERRULED. The Report is ADOPTED and Watson's Motion to Amend (ECF No. 133) is DENIED. The Court has already entered judgment in the case, denying a certificate of appealability and certifying that any appeal would be objectively frivolous (ECF No. 126). That denial and certificate are extended to the conclusions reached in this Decision and Order.

Defendant is reminded that his time to appeal will expire thirty days from the entry of this Decision.

July 29, 2020.

Susan J. Dlott
United States District Judge

5