IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:15-cr-113 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for |
| Liston Watson, | : | Reconsideration to Reduce or Resentence |
| | : | |
| Defendant. | : | |

This matter is before the Court upon Defendant Liston Watson's Motion for

Reconsideration to Reduce or Resentence under Federal Rule of Criminal Procedure 35(a).

(Doc. 189.) The Government did not file a response.

Rule 35 provides in relevant part as follows: "**Correcting Clear Error.** Within 14 days

after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or

other clear error." Fed. R. Crim. P. 35(a).[1] Watson does not allege an arithmetical or technical

error. The Court finds that he has not established a clear error either upon which the Court could

resentence him. "The authority conferred by Rule 35(a) to a district court is extremely limited."

*United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). Rule 35(a) cannot "be used to

reopen issues previously resolved at the sentencing hearing through the exercise of the court's

discretion with regard to the application of the sentencing guidelines." *United States v. Branch*,

537 F.3d 582, 590–591 (6th Cir. 2008) (citation omitted). Instead, it should only be used to

correct obvious errors that would be almost certain to result in a remand from the Court of

Appeals. *Id.* at 590.

---

[1] The Court notes that the fourteen-day limit in Rule 35(a) is jurisdictional. *United States v. Fair*, 195 F. App'x 378, 380 (6th Cir. 2006). As the Court explains above, Watson is not entitled to relief even absent the jurisdictional bar.

Here, Watson merely repeats arguments he has made in the past about his appropriate sentence.  He objects to the sentence the Court imposed, though it was within the sentencing range agreed to by the parties in the August 16, 2022 Plea Agreement.  (Doc. 171 at PageID 1077; Doc. 183 at PageID 1237.)  He asserts that an unfair disparity exists between his sentence and other individuals sentenced for armed bank robberies.  Finally, he accuses the Government of misconduct for breaching an earlier plea deal.  These do not provide an appropriate basis for the Court to correct a clear error in Watson's sentence pursuant to Rule 35(a).

For the foregoing reasons, Watson's Motion for Reconsideration to Reduce or Resentence under Federal Rule of Criminal Procedure 35(a) (Doc. 189) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge