# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,         :        Case No. 1:15-cr-00113

                                            District Judge Susan J. Dlott
                                            Magistrate Judge Michael R. Merz

LISTON WATSON,

               Defendant.        :

---

## REPORT AND RECOMMENDATIONS

---

This is a criminal case now before the Court upon Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 204) which has been referred to the undersigned by District Judge Dlott (ECF No. 205). Upon initial review, the undersigned found the Motion ambiguous and ordered that it be re-filed with unambiguous references to the record (ECF No. 206). Defendant reports that he is unable to do so and has instead filed what he purports to be "the Original Agreements signed before filing in the district Court. Defendant only reference them as (Docket 168 and Docket 171 Herein Defendant submits a copy of these plea Agreements labled [sic] as such, (Exhibit A and B)."

Upon examination, the exhibits to Defendant's Motion are not identical to ECF Nos. 168 and 171. Hereinafter the Magistrate Judge will refer to the filed originals of these documents.

1

With that clarification, the Magistrate Judge proceeds to preliminary review of the Motion to Vacate under Rule 4 of the Rules Governing § 2255 Proceedings.

Watson pleads the following Grounds for Relief

**Ground One:** Petitioner did not enter his plea voluntary and did not make his constitutional waivers knowingly and intelligently, as such his plea and sentence are void.

**Supporting Facts:** Petitioner did not make a full informed and intelligent waiver of his constitutional rights when he entered a guilty plea. The plea agreement stated that his prosecution & sentence would only be limited to counts 1, 2, 5 and 6 of the Indictment. However, his sentence was increased an additional 3-years based on prosecution to additional counts listed in the Indictment.

**Ground Two:** The Government violated the plea agreement between Petitioner and the Government which resulted in an increase of Petitioner's sentence.

**Supporting Facts:** Petitioner entered into a plea agreement with the government pursuant to Fed.R.Crim.Pro. 11(c)(l)(C). The Government violated the terms of this agreement when it calculated and increase[d] the sentencing guidelines and including counts 3, 4, 7, 8, 9 and 10 - when the terms of the pleas agreement stated the Government would not prosecute the additional counts listed in the Indictment (¶ 10).

**Ground Three:** Petitioner was denied effective assistance of counsel at his plea hearing, sentencing hearing, and during his direct appeal in violation of the Sixth Amendment.

**Supporting Facts:**
I. Plea counsel failed to file Laffler Hearing to resolved [sic] a more favorable plea.
II. Sentencing counsel failed to object to increase sentence calculation to additional counts not included in plea agreement
III. Appellate counsel failed to outline the breach and challenge the substantively unreasonable sentence imposed.

2

(Motion to Vacate, ECF No. 204, PageID 1461-64).

**Litigation History**

Watson was indicted by a grand jury for this District on November 4, 2015, and charged in ten counts (ECF No. 14).  On April 25, 2016, Watson entered into a Plea Agreement with the United States (ECF No. 31).  At a hearing the same day he pleaded guilty to Counts 1, 2, 5, and 6 (ECF No. 30).  However, on June 24, 2026, he moved to withdraw his guilty plea and thereafter appealed to the Sixth Circuit (ECF Nos. 34, 35).   After the Sixth Circuit dismissed the appeal as premature, Watson was sentenced on December 12, 2016, and again appealed.  The Sixth Circuit affirmed (ECF No. 74).  The Supreme Court of the United States denied certiorari on May 14, 2018 (ECF No. 77).

On May 6, 2019, almost a year after the Supreme Court acted, Watson filed his first Motion to Vacate (ECF No. 78).  On May 7, 2020, having held an evidentiary hearing on the Motion to Vacate, the undersigned recommended it be dismissed with prejudice (ECF Nos. 115, 116).  Judge Dlott adopted that recommendation and a subsequent recommendation to deny Watson's Motion to Amend the Judgment (ECF Nos. 126, 136).

On May 2, 2022, upon agreement of the United States, the Sixth Circuit remanded the case to allow Watson to withdraw his guilty plea (ECF No. 160).  Upon remand the Court appointed Timothy McKenna as counsel for Watson (ECF No. 164).  On July 29, 2022, Watson, his counsel, and Assistant United States Attorney Timothy Oakley signed and filed the Plea Agreement that appears at ECF No. 168.  On August 15, 2022, Watson and his attorney signed the Plea Agreement which is filed at ECF No. 171.  A change of plea hearing was held on January 23, 2023 (ECF No. 173).  After receiving a Presentence Investigation Report and Sentencing Memoranda, Judge Dlott

3

imposed sentence on February 15, 2023 (Minute Entry, ECF No. 182).  Watson again appealed (ECF No. 186).  On October 27, 2024, the Sixth Circuit affirmed the judgment (ECF No. 196).  On January 27, 2025, the Supreme Court denied certiorari (ECF No. 199).  Watson asserts he filed the instant Motion to Vacate on January 26, 2026, by placing it in the prison mail system on that date (ECF No. 204, PageID 1492).  However, the envelope in which it was mailed is postmarked February 17, 2026, more than three weeks later. *Id.* at PageID 1493.

## Analysis

### Timeliness

A Motion to Vacate under 28 U.S.C. § 2255 must be filed within one year from the latest of four possible dates set forth in § 2255(f).  Although the Standard Form for motions to vacate provides:  "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion."  Watson's response to this item is "not applicable timely filed." (ECF No. 204, PageID 1468).  If the Court believes Watson's representation about when he mailed the Motion, it is timely by one day.  But the representation is entirely uncorroborated and the postmark is more than three weeks later.

The Magistrate Judge recommends the Court rejected Watson's representation of the time of mailing and find the Motion to Vacate is time-barred.

**Procedural Default**

In Ground One, Watson asserts his guilty plea was not knowing, intelligent, and voluntary. In Ground Two he asserts the Government violated the Plea Agreement. Both of these claims were known to him at the time he appealed to the Sixth Circuit, but were not raised on appeal which is shown by the Sixth Circuit's not including them in the claims on which it ruled (Opinion, ECF No. 196). Failure to raise an available claim on direct appeal bars consideration of that claim in a later motion to vacate.

**Ineffective Assistance of Counsel**

Ground Three of the Motion to Vacate asserts Watson received ineffective assistance of counsel at the plea, sentencing, and appellate levels.

At the plea level, Watson argues his trial attorney was ineffective because he did not seek a "*Lafler* hearing" to secure a more favorable plea bargain. Watson raised this claim on appeal and the Sixth Circuit rejected it on the merits[1]:

> Watson has not established prejudice from counsel's alleged error. There is no reasonable probability that the district court would have granted Watson a hearing because he cannot raise an ineffective-assistance claim against his § 2255 counsel, as he had no right to counsel in that proceeding. See *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (explaining that the right to counsel extends only to the first appeal of right); *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009) (en banc) (explaining that, where there is no right to counsel, there can be no deprivation of effective assistance). And, to

---

[1] Ordinarily the Sixth Circuit will not consider ineffective assistance of trial counsel claims on appeal. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). In this case, however, it decided to do so and certainly acted within its jurisdiction in doing so.

the extent that Watson argues that his counsel on remand should have raised the previous plea offer as a general sentencing consideration, he has not shown a reasonable probability that doing so would have affected his sentence, given that the district court heard the parties' arguments about the issue before imposing the 240-month sentence, and the court explained that it could not justify any sentence below 240 months.

(Order, ECF No. 196, PageID 1391).

As to the alleged ineffective assistance of trial counsel at the sentencing level, the Sixth Circuit also rejected this claim:

Watson next argues that his counsel on remand was ineffective by failing to raise certain objections to the district court's guidelines calculations. He specifically contends that counsel should have argued that the district court erred by (1) treating the three additional bank robbery charges in the indictment as pseudo counts under USSG § 1B1.2(c) because he did not admit each element of those offenses in his plea agreement, (2) considering the three dismissed bank robbery charges as relevant conduct, and (3) enhancing the offense level for his two bank robbery convictions under USSG § 2B3.1(b)(2)(C) based on his brandishing a firearm because he was also convicted of a related § 924(c) offense.

Watson has not shown prejudice from counsel's alleged errors. under § 1B1.2(c), a written plea agreement "containing a stipulation that specifically establishes the commission of additional offense(s) shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." In the plea agreement, the parties agreed that Watson "committed the five bank robberies listed in the indictment." Thus, the district court properly treated the dismissed robberies as pseudo counts in its guidelines calculation, and there was no viable basis for counsel to object. See USSG § 1B1.2 cmt. n.3 (explaining that, if a defendant is convicted of one count of robbery but admits to two additional counts of robbery in a plea agreement, the guidelines are to be applied as if the defendant had been convicted of three counts of robbery). There was also no viable basis for counsel to argue that the district court improperly considered the dismissed counts as relevant conduct because the

6

court considered the counts only as stipulated conduct under § 1B1.2(c), not relevant conduct under USSG § 1B1.3.

Watson next argues that his counsel on remand was ineffective by not arguing that the government breached the plea agreement by referencing the three dismissed robbery charges at his latest sentencing hearing. Watson specifically contends that referencing the charges violated a provision in the plea agreement stating that the government "will not further prosecute [him] for conduct prior to the date of this Plea Agreement that was part of the same course of criminal conduct described in the Indictment and that was known by the [government] at the time of the execution of this Plea Agreement."

Watson has not shown prejudice from counsel's alleged error. The prosecutor's reference to the dismissed robbery charges did not violate the plea agreement because the reference did not constitute prosecuting Watson for the dismissed charges. And the plea agreement did not otherwise prohibit the prosecutor from relying on the charges, particularly because Watson agreed that the district court was obligated to calculate the guidelines range, which included considering his stipulated offenses, see USSG § 1B1.2(c). Thus, there is no reasonable probability that an objection by counsel would have succeeded.

(Order, ECF No. 196).

Finally Watson asserts he received ineffective assistance of appellate counsel when his attorney "failed to outline the breach and challenge the substantively unreasonable sentence imposed." This sub-claim fails to state a claim upon which relief can be granted. The Motion to Vacate neither explains what "outline the breach" means nor asserts facts which would make the sentence substantively unreasonable. Those allegations are sufficiently vague and ambiguous, essentially providing labels instead of facts, that they fail the basic pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that Watson's instant Motion to Vacate be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 13, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #