IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:15-cr-113 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion for |
| Liston Watson, | : | Compassionate Release |
| | : | |
| Defendant. | : | |

Pending before the Court is Defendant Liston Watson's second Motion for

Compassionate Release.  (Doc. 200.)  The Government filed a Memorandum in Opposition, to

which Watson filed a Reply.  (Docs. 203, 207.)  For the reasons that follow, the Court will

**DENY** the second Motion for Compassionate Release.

## I.     BACKGROUND

On November 14, 2015, a grand jury issued an Indictment charging Defendant Liston

Watson with five counts of bank robbery and five counts of possession of a firearm in

furtherance of a crime of violence.  (Doc. 14.)  He pleaded guilty before now-retired Judge

Sandra A. Beckwith to two counts of bank robbery and two count of possession of a firearm in

furtherance of a crime of violence on December 12, 2016.  (Doc. 59.)  Judge Beckwith sentenced

him to 360 months imprisonment.  (Doc. 58.)  Watson filed an appeal in the Sixth Circuit Court

of Appeals, but the District Court's judgment was affirmed on November 28, 2017.  (Docs. 61,

74.)

In 2021, Watson moved for the first time for compassionate release based in part on

health reasons related to COVID-19.  (Docs. 152, 156.)  The Court issued an Order denying the

first Motion for Compassionate Release on March 22, 2022.  (Doc. 159.)

Separately, Watson had filed a Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 78.)
The Court denied the Motion to Vacate on June 10, 2020, and Watson ultimately filed an appeal of that decision on August 27, 2020.  (Docs. 125, 139.)  This time the Sixth Circuit ruled in Watson's favor after the Government conceded that the initial sentence proposed by the Government and adopted by the District Court "was flawed."  (Doc. 160 at PageID 1049.)  The Sixth Circuit remanded the case to this Court with an instruction to "grant Watson's § 2255 motion and permit Watson to withdraw his guilty plea in accordance with his plea agreement." (*Id.* at PageID 1050.)  The Court appointed legal counsel to represent Watson in the remand proceedings.  (Doc. 164.)  The Court held a change of plea hearing on August 17, 2022, during which Watson withdrew his initial guilty plea, and then pleaded guilty to Counts 1, 2, 5, and 6 of the Indictment under a new Plea Agreement.  (Docs. 171, 173.)  The Court re-sentenced Watson on February 24, 2023 to 84 months on Counts 2 and 6 to be served consecutively to each other (168 months), and 72 months on Counts 1 and 5 to be served concurrently with each other, but consecutively to the sentences imposed for Counts 2 and 6, for a total sentence of 240 months imprisonment.  (Doc. 183 at PageID 1237.)  Watson appealed that judgment and sentence as well, but the Sixth Circuit affirmed the judgment on October 17, 2024.  (Docs. 186, 196.)

Watson then filed the pending Motion for Compassionate Release on December 10, 2025. (Doc. 200.)  Watson argues that his sentence should be reduced because he is rehabilitated, his absence has hurt his children, he is under an order of removal or deportation to Jamaica, and he already has served more than ten years in prison.  The Government opposes the Motion for Compassionate Release.  (Doc. 203.)  Watson currently is incarcerated at FCI Victorville Medium II in California with an estimated release date of June 4, 2033.  Federal Bureau of

2

Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 5/5/2026).

Watson also has filed another Motion to Vacate under 28 U.S.C. § 2255, but that matter is being addressed separately.  (Doc. 204.)

## II.      STANDARD OF LAW ON MOTION FOR COMPASSIONATE RELEASE

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008).  Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Assuming that the inmate has exhausted administrative remedies,[1] the district court must

---

[1]  The Court cannot *sua sponte* enforce the exhaustion claims-processing rule.  *See United States v. Miller*, No. 21-3311, 2021 WL 4467781, at *2 (6th Cir. Sept. 2, 2021) (finding procedural error when a district court *sua sponte* enforced the § 3582(c)(1)(a) claims-processing rule); *United States v. Rucker*, No. 20-5533, 2020 U.S. App. LEXIS 28048, at *3 (6th Cir. Sep. 2, 2020) ("Generally, exhaustion is an affirmative defense that should not be invoked sua sponte by the district court based on a failure to plead or attach exhibits proving exhaustion.")

Here, The Government does not argue that Watson failed to exhaust his administrative remedies.  He most recently sought compassionate release from the warden on March 5, 2025.  (Doc. 200 at PageID 1388.)

(1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a).  *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'"  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied*, 142 S. Ct. 2771 (2022).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct.  18 U.S.C. § 3553(a).  These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate.  *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

## III.  ANALYSIS

Watson asserts four bases for compassionate release.  First, he argues that he has been rehabilitated, pointing to his participation in a culinary arts program, his enrollment in college

---

[2]  The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates.  980 F.3d at 1109, 1111.  Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13.  *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).  However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates.  U.S.S.G. § 1B1.13(a).

courses, and his low risk for recidivism level.  Rehabilitation alone is not an extraordinary and compelling basis for release.  *Hunter*, 12 F.4th at 561 (citing 28 U.S.C. § 994(t)).  To paraphrase an argument made by the Government, good behavior and rehabilitation are "the expectation—not the exception."  (Doc. 203 at PageID 1455.)

Second, he contends that his imprisonment has been difficult on his children.  The challenges faced by children whose parents are incarcerated are real and all too common.  But there is nothing extraordinary in the circumstances present here.  Watson's release from incarceration, moreover, would not remedy the difficulties his family members face due to his absence, because Watson is subject to deportation to Jamaica upon his release.  (Doc. 200 at PageID 1395–1401.)

Third, Watson contends that the fact that he is facing deportation is itself an extraordinary and compelling reason for his release.  He is wrong.  Watson's immigration status was known at the time of his initial sentencing.  (Doc. 71 at 289.)  This Court agrees with district courts that have concluded that a post-sentence deportation "is not an extraordinary and compelling reason to warrant compassionate release." *United States v. Juarez*, No. 3:20-CR-0529-B, 2025 U.S. Dist. LEXIS 151894, at *8 (N.D. Tex. Aug. 7, 2025); *see also*, *e.g.*, *United States v. Mirsaidov*, No. 22 CR. 614 (LAP), 2025 WL 3480640, at *3 (S.D.N.Y. Dec. 3, 2025) (denying § 3582 motion where defendant wanted to "go into ICE custody sooner"); *United States v. Yeghoyan*, No. 20 CR 652 (VM), 2025 WL 2792569, at *6 (S.D.N.Y. Oct. 1, 2025) ("As a general matter, courts hold that similar immigration consequences do not meet the extraordinary and compelling standard."); *United States v. Barnwal*, No. 18-20439, 2021 WL 2413268, at *1–2 (E.D. Mich. June 14, 2021) (denying compassionate release to defendant who would be deported to India upon his release);

5

*but see United States v. Reyes-De La Rosa*, No. 5:18-CR-55, 2020 U.S. Dist. LEXIS 118406, at *7 (S.D. Tex. July 7, 2020) (finding during the COVID-19 era that a pending deportation, and the "BOP's interest in reducing its prison population," were part of the balance of factors that constituted extraordinary and compelling circumstances for release).[3]

Fourth, Watson argues that compassionate release is authorized under Sentencing Guideline § 1B1.13(b)(6) for an unusually long sentence because he already has served ten years in prison.  The provision provides that an extraordinary and compelling reason exist in the following circumstance:

> **(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).  The Sixth Circuit held in 2025, however, that § 1B1.13(b)(6) is invalid because it provides an unreasonable interpretation of statutory law and conflicts with the separation of powers.  *United States v. Bricker*, 135 F.4th 427, 430, 450 (6th Cir. 2025), *petition for writ of certiorari filed sub nom.*, *Jochinto Orto v. United States*, No. 25-81 (July 22, 2025).

The Court concludes that Watson's purported bases, whether considered independently or collectively, do not satisfy the extraordinary and compelling standard.  He is not entitled to a reduction of sentence under 18 U.S.C. § 3553(a).

---

[3] Some courts have found the fact that an inmate will be subject to deportation to be relevant to consideration of the § 3553 sentencing factors after finding other extraordinary and compelling reasons for release existed.  *See e.g.*, *United States v. Guntipally*, No. 16-CR-00189-LHK, 2020 U.S. Dist. LEXIS 220706, at *12 (N.D. Cal. Nov. 23, 2020); *United States v. Olawoye*, 477 F. Supp. 3d 1159, 1166 (D. Or. 2020).

## IV.    CONCLUSION

For the reasons stated above, Defendant Liston Watson's second Motion for

Compassionate Release (Doc. 200) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

7