IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:15-cr-113 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and |
| | : | Recommendations, Overruling |
| Liston Watson, | : | Objections, and Denying Motion to |
| | : | Vacate |
| Defendant. | : | |

Defendant Liston Watson is in federal prison serving a 240-month sentence for bank robbery and weapons-related crimes.  Pending before the Court is the latest in his series of attempts to evade full punishment for his crimes, a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate").  (Doc. 204.)  Magistrate Judge Michael R. Merz issued a Report and Recommendations ("R&R") recommending that the Court deny the Motion to Vacate.  (Doc. 212.)  Watson filed Objections to the R&R.  (Doc. 216.)  Because the Court agrees with the Magistrate Judge that Watson plainly is not entitled to relief, the Court will **ADOPT** the Report and Recommendation, **OVERRULE** the Objections, and **DENY** the Motion to Vacate.

I.      BACKGROUND

On November 14, 2015, a grand jury issued an Indictment charging Watson with five counts of bank robbery and five counts of possession of a firearm in furtherance of a crime of violence.  (Doc. 14.)  He pleaded guilty before now-retired Judge Sandra A. Beckwith to two counts of bank robbery and two count of possession of a firearm in furtherance of a crime of violence on December 12, 2016.  (Doc. 59.)  Judge Beckwith sentenced him to 360 months and 1

1

day imprisonment.  (Doc. 58.)  Watson filed an appeal in the Sixth Circuit Court of Appeals, but the District Court's judgment was affirmed on November 28, 2017.  (Docs. 61, 74.)

Watson also filed a Motion to Vacate under 28 U.S.C. § 2255.  (Doc. 78.)  The Court denied this initial Motion to Vacate on June 10, 2020, and Watson appealed that decision. (Docs. 125, 139.)  This time the Sixth Circuit ruled in Watson's favor after the Government conceded that the initial sentence proposed by the Government and adopted by the District Court "was flawed."  (Doc. 160 at PageID 1049.)  The Sixth Circuit remanded the case to this Court with an instruction to "grant Watson's § 2255 motion and permit Watson to withdraw his guilty plea in accordance with his plea agreement."  (*Id.* at PageID 1050.)

The Court appointed legal counsel to represent Watson in the remand sentencing proceedings.  (Doc. 164.)  The Court held a change of plea hearing on August 17, 2022, during which Watson withdrew his initial guilty plea.  (Doc. 173.)  He then pleaded guilty to Counts 1, 2, 5, and 6 of the Indictment under a new Plea Agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  (Docs. 171, 173.)  The Court accepted his guilty plea at the change of plea hearing.  (Doc. 180 at PageID 1225.)  The parties agreed in ¶ 8(a) of the Plea Agreement that "a term of imprisonment between 180 to 240 months is the appropriate sentencing range." (Doc. 171 at PageID 1077.)  The U.S. Attorney's Office agreed in ¶ 10 to not "further prosecute the Defendant for conduct prior to the date of this Plea Agreement that was part of the same course of criminal conduct described in the Indictment and that was known by the USAO at the time of the execution of this Plea Agreement."  (*Id.* at PageID 1078.)  In the Statement of Facts attached to the Plea Agreement, Watson admitted that he "committed the five bank robberies listed in the Indictment."  (*Id.* at PageID 1082.)

The Court re-sentenced Watson on February 24, 2023 to 84 months on Count 2 and on

Count 6 to be served consecutively to each other, and 72 months on Counts 1 and on Count 5 to be served concurrently with each other, but consecutively to the sentences imposed for Counts 2 and 6, for a total sentence of 240 months imprisonment. (Doc. 183 at PageID 1237.) This sentence was consistent with the Rule 11(c)(1)(C) Plea Agreement in which the parties agreed that the appropriate sentence was between 180 to 240 months. (Doc. 171 at PageID 1077.)

After he was re-sentenced, Watson filed a Motion for Reconsideration under Federal Rule of Criminal Procedure 35, which the Court denied on April 5, 2023. (Docs. 189, 190.) Watson then appealed that judgment and sentence to the Sixth Circuit, but the Sixth Circuit affirmed the judgment on October 17, 2024. (Docs. 186, 196.) In December 2025, Watson filed a Motion for Compassionate Release. (Doc. 200.) The Court denied that Motion and the Motion for Reconsideration which followed. (Docs. 215, 217, 218.)

Watson has now filed the Motion to Vacate under 28 U.S.C. § 2255 asserting four grounds for relief:

- Ground One: He did not enter his plea voluntarily, knowingly, and intelligently;

- Ground Two: The Government violated the Plea Agreement resulting in an increase of Petitioner's sentence;

- Ground Three: He received ineffective assistance of counsel at the plea hearing, sentencing hearing, and during his direct appeal;

- Ground Four: His guilty plea should be vacated due to structural error.

(Doc. 204 at PageID 1461–1465.) The Magistrate Judge recommended that the Court deny the Motion to Vacate. (Doc. 212.) Watson filed Objections to the Report and Recommendations. (Doc. 216.)

## II.  STANDARD OF LAW AND ANALYSIS

A federal prisoner may move to vacate, set aside, or correct his sentence when it is

"imposed in violation of the Constitution or laws of the United States," imposed by a court without jurisdiction, resulted in a sentence "in excess of the maximum authorized by law," or is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The district must "promptly examine" a § 2255 motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. § 2255, Rule 4. There is a one-year period of limitation to file a § 2255 motion. 28 U.S.C. § 2255(f).

The Magistrate Judge gave both procedural and substantive reasons for his recommendation that the Court deny, or dismiss, the Motion to Vacate. First, he recommended that the Court find that the Motion to Vacate was untimely. (Doc. 212 at 1544.) The one-year limitations period here began on January 27, 2025 when the Supreme Court denied Watson's petition for writ of certiorari in the direct appeal proceedings. (Doc. 199.) Under the applicable mailbox rule, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." 28 U.S.C. § 2255, Rule 3(d). Watson provided a Certificate of Service in which he declared under penalty of perjury that he deposited the Motion to Vacate with postage pre-paid into the prison mailing system on January 26, 2026. (Doc. 204 at PageID 1492.) The Magistrate Judge questions Watson's truthfulness given that the Motion to Vacate is postmarked three weeks later on February 17, 2026, a date outside of the limitations period. (*Id.* at 1493.) The Court need not resolve the matter of whether the Motion to Vacate is timely, however, because it agrees with the Magistrate Judge that that Watson plainly is not entitled to relief on the merits.

Watson's four Grounds for Relief are based on the same underlying theory, and all fail for the same basic reasons.

4

**A.** **Ground One**

In Ground One, Watson asserts that his guilty plea was not knowing, intelligent, and voluntary. (*Id.* at PageID 1461.) Watson did not assert this claim on his direct appeal. (*Id.*) The Magistrate Judge found that the claim was procedurally defaulted. Watson responds in his Objections that the ineffective assistance of his appellate counsel provides sufficient cause and prejudice to excuse the procedural default. For the following reasons, the Court finds that appellate counsel did not render ineffective assistance in failing to raise this claim on direct appeal because the claim would have failed on the merits. So Ground One is both procedurally defaulted and fails on the merits.

Watson asserts that his plea was not knowing and intelligent because he understood the Plea Agreement to limit his prosecution and sentence to Counts 1, 2, 5 and 6 of the Indictment per ¶ 10 of the Plea Agreement. He objects that he did not understand that the Court could consider the other bank robberies charged in the dismissed counts of the Indictment as pseudo counts in determining his sentence. This argument fails for multiple grounds, some of which were addressed by the Sixth Circuit in the direct appeal.

The Sixth Circuit in the direct appeal upheld this Court's decision to treat the other bank robberies as pseudo counts at sentencing. (Doc. 196 at PageID 1362.) As the Sixth Circuit noted, Watson agreed in the Statement of Facts incorporated into the Plea Agreement that he, in fact, "committed the five bank robberies listed in the indictment." (*Id.* (quoting Doc. 171 at PageID 1082).) The Sixth Circuit also found that "[t]here was also no viable basis for counsel to argue that the district court improperly considered the dismissed counts as relevant conduct because the court considered the counts only as stipulated conduct under § 1B1.2(c), not relevant conduct under USSG § 1B1.3." (*Id.*)

Additionally, there was no prejudice from Watson's alleged failure to understand that the Court would consider all five bank robberies in determining his sentence. The Court sentenced Watson to 240 months, a term to which Watson expressly agreed in ¶ 8(a) of the Plea Agreement. (Doc. 171 at PageID 1077.)

Finally, the Court engaged in a thorough colloquy with Watson at the change of plea hearing to ensure that his guilty plea was knowing, intelligent, and voluntary. His argument to the contrary now does not withstand scrutiny. Watson affirmed that he discussed possible defenses and the maximum penalty with his attorney and that he wanted to enter into the Plea Agreement. (Doc. 180 at PageID 1198.) The Court had the Government read the terms of the Plea Agreement out loud. (*Id.* at 1211–1220.) Watson agreed that he understood the terms of the Plea Agreement and that no additional promises had been made to him. (*Id*. at PageID 1219–1220.) He said that no one threatened or forced him to plead guilty and that he was pleading guilty of his own free will. (*Id.* at PageID 1220.) He specifically stated that he understood that the Court would sentence him to a term of imprisonment between 180 and 240 months. (*Id.* at PageID 1215–1216.) He affirmed the fact that he committed the five bank robberies listed in the Indictment consistent the Statement of Facts. (*Id.* at PageID 1223–1224.) Finally, he pleaded guilty to Counts 1, 2, 5, and 6. (*Id.* at PageID 1224.)

For these reasons, the Court finds that ineffective assistance of appellate counsel cannot provide cause and excuse for Watson's procedural default of this claim. His appellate counsel did not render ineffective assistance by failing to raise this claim on direct appeal, because the claim would have been denied on the merits. Watson plainly cannot prove that his plea not was knowingly, intelligently, and voluntarily made. The Court will deny Ground One.

**B.      Ground Two**

Watson alleges in Ground Two that the Government violated the Plea Agreement which resulted in an increase in Watson's sentence.  (Doc. 204 at PageID 1462.)  He did not raise the claim on direct appeal, so he has procedurally defaulted the claim, as the Magistrate Judge found.[1]  He argues that the ineffective assistance of his appellate counsel supplies cause and prejudicial effect to excuse the default.  But his appellate attorney did not render ineffective assistance in this regard because the underlying claim fails on the merit.

Watson contends that the Government breached the ¶ 10 of the Plea Agreement requiring it to not "further prosecute the Defendant for conduct prior to the date of this Plea Agreement that was part of the same course of criminal conduct described in the Indictment and that was known by the USAO at the time of the execution of this Plea Agreement."  (Doc. 171 at PageID 1078.)  He argues that the Government breached ¶ 10 by referencing the three dismissed bank robbery charges at his sentencing.  But the Plea Agreement did not prohibit the Government from referencing the dismissed charges because Watson agreed in the Statement of Facts incorporated into the Plea Agreement that he committed the five bank robberies charged in the Indictment.  (*Id.* at PageID 1082.)  And, as the Sixth Circuit stated on direct appeal, the Court "was obligated to calculate the guidelines range, which included considering his stipulated offenses, *see* USSG § 1B1.2(c)."  (Doc. 196 at PageID 1363.)  This claim would have been denied had Watson asserted it on direct appeal.  Therefore, the Court finds that appellate counsel's assistance provided neither cause nor prejudice sufficient to excuse Watson's

---

[1]  Watson asserts in his Motion to Vacate that he did raise the issue in his direct appeal (Doc. 204 at PageID 1462), but the Sixth Circuit's opinion only addresses the related claim that his counsel of remand was ineffective for not arguing at the remand sentencing that the Government had breached the Plea Agreement.  (Doc. 196 at PageID 1363.)  Watson concedes in his Objections that the Second Ground for Relief was procedurally defaulted by arguing only that there was cause and effect to excuse the procedural default.  (Doc. 216 at PageID 1565.)

procedural default of Ground Two.  Alternatively, Ground Two fails on the merits.

## C.      Ground Three

Watson's Ground Three fares no better.  He asserts that he was "denied effective assistance of counsel at his plea hearing, sentencing hearing, and during his direct appeal in violation of the Sixth Amendment." (Doc. 204 at PageID 1464.)  The Magistrate Judge recommended that the Court deny the ineffective assistance subclaims regarding the plea hearing and sentencing hearing on the merits because the Sixth Circuit already rejected these subclaims in the direct appeal.  (Doc. 212 at PageID 1545–1547 (citing Doc. 196 at PageID 1361–1363.) The Court agrees with his analysis and has nothing to add.

The Ground Three subclaim based on the alleged ineffective assistance of appellate counsel also fails on the merits.  Watson mostly re-hashes his arguments about the purported breach of the Plea Agreement, the pseudo counts, and resulting the 240-month prison sentence, which the Court has already rejected.  Watson also argues that his appellate counsel should have raised a claim on appeal that his sentence was substantively unreasonable.  This argument fails too because the Court sentenced Watson to 240 months, a term within the sentencing range to which Watson agreed in ¶ 8(a) of the Plea Agreement.  (Doc. 171 at PageID 1077.)  The Court will deny Ground Three.

## D.      Ground Four

Lastly, Watson alleges in Ground Four that his guilty plea must be vacated due to structural error.  (Doc. 204 at PageID 1465.)  Watson's claim here is simply an amalgamation of his failed arguments underlying Grounds One, Two, and Three.  The Court again concludes that his sentencing was not procedural unfair, substantively unreasonable, or unconstitutional in any respect.  The Court will deny Ground Four.

## III.    CONCLUSION

For the reasons stated above, the Report and Recommendations (Doc. 212) is

**ADOPTED**, Watson's Objections (Doc. 216) are **OVERRULED**, and his Motion to Vacate

(Doc. 204) is **DENIED**.

In accordance with the Rules Governing § 2255 Proceedings, the Court **DENIES** Watson

a certificate of appealability because he has not made a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2255, Rule 11.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge